[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. CT Page 6846
Docket Number CR95-165161.
Thomas Conroy, Defense Counsel, for Petitioner.
Robert O'Brien, Assistant State's Attorney, for the State.
BY THE DIVISION
Following a jury trial the petitioner was convicted of two counts of Assault, 1st degree, in violation of Connecticut General Statutes §53a-59 (a)(1).
He was sentenced to consecutive terms of 18 years in one count and 10 years on the second for a total effective sentence of 28 years.
These crimes occurred on June 12, 1994 when Jose Garcia drove his brother, Oswaldo Garcia, to the Latin American Club located on South Colony Street in Meriden. After Jose left, Oswaldo was approached by a man who claimed that Oswaldo had wrongfully intervened in an altercation at the club the night before. After Oswaldo telephoned Jose and asked him to return to the club, a group gathered around Oswaldo. Someone in the group asked Oswaldo if he wanted to `go one on one' with the man who had originally approached him. The defendant threw a beer bottle at Oswaldo, and a fight erupted between Oswaldo and the defendant, who was supported by the other men. During the altercation, a hunting knife that Oswaldo carried fell to the ground. The defendant retrieved the knife and stabbed Oswaldo multiple times. Jose arrived during the fight and Oswaldo managed to get into Jose's car. Before Jose was able to drive away, the defendant stabbed Jose in the shoulder. During the drive to the hospital, Oswaldo removed the knife from Jose's shoulder and threw it out the window.
Oswaldo Garcia was treated for eleven stab wounds to the chest and abdomen, some of which were life threatening. Jose Garcia had a deep stab wound to his left shoulder resulting in a collapsed lung.
Both victims thereafter moved to Florida expressing fear of retaliation from members of the petitioner's gang.
At the time of sentencing Oswaldo reported residual pain in one hand, the inability to use two fingers on his left hand and a weak right hand caused by nerve damage.
The petitioner's criminal record includes a 1991 conviction for CT Page 6847 attempted assault, 1st degree, conspiracy to commit assault, 1st degree and risk of injury. He was sentenced to ten years execution suspended after five years with three years of probation. He was released from prison on January 16, 1994 and was on probation when this offense occurred. At the time of sentencing in this case the violation of probation was pending along with charges of possession and sale of narcotics and tampering with a witness.
Petitioner's counsel describes this incident as essentially a bar fight between peers. He as well as the petitioner point out his age at the time — 19 years as mitigation.
The sentencing court, however, was faced with a volatile and anti-social defendant who evinced a disregard for human life and was a danger to the community. This was significantly more serious than a bar brawl with the petitioner stabbing one victim over and over again, and done within five months after release from prison.
Reviewing this matter pursuant to the provisions of Practice Book §43-28, we conclude it is neither unreasonable nor disproportionate. Public protection is a paramount consideration in this case.
The sentence is affirmed.
Klaczak, Miano and Ianotti, J.s, participated in this decision.